Attorneys—D. W. Baker & Alva J. Russell for Wojno; Robt. C. Ryder for Miller; all of Akron.

———

No. 195

KLINE, Admr. v. MEYERS MFG. CO. et

Ohio Appeals, 2nd. Dist., Montgomery Co.

Nos. 659 & 669. Decided Dec. 23, 1925

237. CLAIMS—There need be no separate presentation of a general claim to an administrator; the presentation of the affidavit of a mechanic's lien containing a statement of the amount and validity of the claim being sufficient.

BY THE COURT

The question involved is whether the Fred J. Meyers Mfg. Co. presented its claim as a general claim against the estate of which Robert E. Kline was administrator. The Montgomery Common Pleas allowed the claim of the Company as a general claim.

The case was prosecuted on error and the Court of Appeals held:

1. There is some evidence tending to prove that the general claim of the Mfg. Co. was presented to the administrator as a separate claim.

2. Even if the evidence did not show a separate presentation as a general claim, the presentation of the affidavit for a mechanic's lien containing a statement of the amount and validity of the claim was sufficient.

3. Case disposed of for the reason that no motion has been filed in either case to dismiss want of jurisdiction.

Judgment accordingly.

Attorneys—D. B. VanPelt for Kline; McConnaughey & Shea for Mfg. Co.; all of Dayton.

Note—The claim of the Young Women's Christian Association taken up on appeal was allowed under the same circumstances.

No. 196

BURZYCH v. DRABIK et

Ohio Appeals, 6th Dist., Lucas Co.

No. 1588. Decided Dec. 28, 1925

460. EQUITY—Where a bill in equity asks for a specific relief, and also for such other relief as the court may deem equitable and proper, the court can deny the specific relief, and grant such other relief.

WILLIAMS, J.

Frank Burzych died intestate in 1914, seized in fee simple of a parcel of real estate in Toledo. At his death he left a widow, Katarzyna Burzych, the plaintiff in this action, and also an adopted daughter Louise Bonk. The estate of the said Frank Burzych was never administered, nor the year's support of the widow filed. She paid the funeral expenses and other charges against the estate.

In 1917 she conveyed this real estate to Eva Drabik, upon the promise of herself and her husband that she, the widow, could continue to reside on the property during the rest of her lifetime and that they would provide for and support her during her natural life.

This action was brought by the widow to set aside that conveyance on the grounds that the Drabiks had not complied with the contract.

The Lucas Common Pleas declined to set aside the conveyance but took an accounting of the amount with which the Drabiks were chargable and made same a charge upon the real estate and ordered a compliance with the contract in the future. The Drabiks appealed, contending that the court had no power to order support in the future, but could only rule on setting aside the conveyance. The Court of Appeals held:

1. In view of the fact that the petition contained a prayer "for such other and further relief as may be deemed equitable and proper," the order for support and continued residence on said property was within the power of the court.

2. The widow, having only a dower interest in the residence property, the finding of the court that there was a balance of $1500 due her is too large, and this amount will be reduced to $1000.

3. Such charge of $1000 should be made a charge upon said real estate.

4. In accordance with the terms of the contract, the widow is entitled to exclusive possession of the premises during her natural life.

Decree accordingly.

Attorneys—Geo. N. Fell, for Burzych; Walinski & Flowers for Drabik; all of Toledo.